# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID B. MORGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-782-R |
| | ) |
| CARL BEAR, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, challenges his state court conviction in a writ of habeas corpus. Doc. 6. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the amended petition and recommends that the court dismiss Petitioner's § 2241 claims as meritless and his § 2254 claims as second and successive.

**I.   Background.**

In March 2011, Petitioner pleaded guilty to thirteen counts of rape, kidnapping, molestation, and weapons possession in Oklahoma County District Court, Case No. CF-2010-7695. Doc. 6, at 1-2.[1] Then, in March 2014, Petitioner challenged his conviction in a writ of habeas corpus in this Court,

---

[1]   Page citations refer to this Court's CM/ECF pagination.

Case No. CIV-14-337-R. *Id.* at 4; *see also Morgan v. Addison*, Case No. CIV-14-337-R, Doc. 1. Petitioner alleged, generally, that: (1) jail officials denied him phone access and contact with family for three months after his arrest; (2) police interrogated him without an attorney present and after five days with no shower, resulting in an illegal confession; (3) counsel was constitutionally ineffective on numerous fronts; (4) the State engaged in excessive count-charging; and (5) jail conditions violated his constitutional rights. *Id.* Doc. 1, *passim*. The undersigned recommended dismissing the petition as untimely, and the court adopted the recommendation and dismissed Petitioner's petition. *See* CIV-14-337-R, Docs. 8, 11, 12. The Tenth Circuit Court of Appeals denied a certificate of appealability in September 2014, *id.* Doc. 22, and the United States Supreme Court denied Petitioner's petition for a writ of certiorari in March 2015. *Id.* Doc. 27.

Petitioner now seeks to challenge the same state court conviction in a second writ of habeas corpus. Doc. 6. Petitioner includes most of his original claims and raises new arguments that: (1) he was denied access to a law library during his pre-trial confinement; (2) he only recently learned that a psychologist had diagnosed him as "bipolar"; and (3) officials' failure to transfer Petitioner into a "state run prison" within the statutory time frame, and decision to transfer him to a private prison, violated Oklahoma law and voided his sentence. *Id.* at 8-19.

2

## II. The claims' proper characterization.

Petitioner brings his petition under 28 U.S.C. § 2241 and 28 U.S.C. § 2254, *id.* at 1-2, and indicates that he is challenging: (1) how his sentence is being carried out, and (2) his conviction's validity. *Id.* at 6. For relief, Petitioner requests that the court "vacate [his] conviction and sentence" and release him "from custody." *Id.* at 20.

Petitioner's amended petition presents somewhat of a hybrid. Petitioner's claims that officials voided his sentence in failing to transfer him into a "state run prison" within the statutory time frame, and then transferring him to a private prison, fall under § 2241's framework. *See id.* at 16; *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (holding that inmate's claim that transfer to a private prison nullified his sentence and he was therefore being detained illegally was best treated "as [a petition] arising under § 2241"). However, the court construes Petitioner's remaining claims, challenging his state court conviction, as arising under 28 U.S.C. § 2254. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle for . . . attacking the execution of a sentence . . . . A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (citations omitted)).

### III. Petitioner's § 2241 claims.

The court should dismiss Petitioner's § 2241 claims as meritless. Petitioner argues that officials violated Oklahoma law in failing to timely transfer him to a "state run prison," and then in transferring him to a private prison. Doc. 6, at 15-16. Petitioner claims that the errors ended his sentence and that he is being held illegally. *Id.*

The Tenth Circuit has long held that "no federal constitutional right was implicated by . . . a transfer [to a private prison] and that state-law claims [can] not be brought in a habeas action under § 2241." *Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009) (dismissing inmate's § 2241 petition wherein he alleged that his transfer "to a private prison" voided his state sentence, resulting in his illegal detention); *see also Patscheck v. Snedeker*, 135 F. App'x 188, 190 (10th Cir. 2005) (dismissing petitioner's § 2241 claim that he was improperly placed in an "'illegal county jail'" because: "The issue is well-settled. A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity. The district court was correct to dismiss this claim on the merits." (internal citation omitted)).

### IV. Petitioner's § 2254 claims.

With Petitioner's meritless § 2241 claims aside, the court is now left with Petitioner's § 2254 claims. These claims are second and successive and the court lacks jurisdiction to hear them.

Petitioner has previously challenged his conviction in a writ of habeas corpus. Federal law provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a petition is "second or successive," and the Tenth Circuit has not granted authorization, the court lacks jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Petitioner does not allege that he has sought and been granted authorization to proceed with his second writ of habeas corpus, and the undersigned finds no evidence of such. So, the undersigned finds that the court lacks jurisdiction over Petitioner's successive petition.

Under such circumstances, the court may either transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631," or, it may dismiss the petition. *Id*. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization." *Id*.

The undersigned finds that dismissal appropriate. This Court has already ruled that Petitioner's previous claims are time-barred, and the undersigned finds no indication that Petitioner's new claims – involving the

5

same state court conviction – are not also untimely.[2] Further, the Tenth Circuit has already ruled that: "The district court held Mr. Morgan's petition untimely and we see no reasoned basis for disputing that conclusion." CIV-14-337-R, Doc. 22, at 2. So, there is no risk that a meritorious successive claim will be lost absent transfer. *See Warren v. Kansas*, 532 F. App'x 802, 802-03 (10th Cir. 2013) (denying petitioner's request for a certificate of appealability and his alternative request for authorization to file a second or successive § 2254 habeas petition and agreeing with the district court's decision to dismiss, rather than transfer, petitioner's successive habeas petition on grounds that his first petition was "dismissed as time-barred").

## V. Recommendation and notice of right to object.

The undersigned recommends that the court dismiss Petitioner's § 2241 claims on the merits. The court should then dismiss Petitioner's § 2254 claims as second and successive. *See, e.g., Jackson v. Province*, 341 F. App'x 377, 379-81 (10th Cir. 2009) (denying a certificate of appealability where the

---

[2] In part, Petitioner states that six months before filing his amended petition, his parents informed him that a psychologist noted in a report that Petitioner is "bipolar." Doc. 6, at 10. Petitioner claims this information is "nowhere in the transcripts." *Id.* Even if true, Petitioner does not indicate that his alleged bipolar disorder contributed to his first habeas petition being untimely or is otherwise grounds for equitable tolling. Indeed, Petitioner does not even explain how his alleged bipolar disorder effected his underlying conviction.

6

district court dismissed petitioner's § 2241 claims as untimely and § 2254 claims as "second or successive").

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court by September 14, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 25th day of August, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE