# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID B. MORGAN,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIV-15-782-R** |
| | ) | |
| **CARL BEAR, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Petitioner, appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2241 and § 2254,

challenging his state court conviction. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was

referred to United States Magistrate Judge Suzanne Mitchell. On August 25, 2015, Judge

Mitchell issued a Report and Recommendation wherein she recommended that the § 2241

petition be dismissed as meritless and that the § 2254 petition be dismissed as second and

successive, because Petitioner has not received permission for such filing as required by 28

U.S.C. § 2244(b)(3)(A). On September 4, 2015, Petitioner filed his objection to the Report

and Recommendation, stating only:

> We object to the findings of Judge Mitchell in the above case CIV-15-782-R.
> We have a challenge before the Council on Judicial Complaints, because Judge
> Mitchell refuses to recuse herself.
> It is with that in mind, we ask the Clerk of Courts for a Change of Venue.
> Judge Mitchell clearly has a conflict of interest and should not be hearing our
> motions.

Doc. No. 9. The Court notes that this case is pressed by a single party and Petitioner's

reference to "we" and "our" is confusing. Regardless, Petitioner's complaint in this case

regarding Judge Mitchell appears to stem from the fact that she previously made recommendations that his habeas corpus petition be denied or that his § 1983 claims be dismissed. The fact that Judge Mitchell made recommendations against Mr. Morgan does not provide a basis for recusal, nor does it provide a legitimate basis for the complaint he alleges was filed with the Council on Judicial Complaints.[1] *See* Rule 3, Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Cognizable misconduct . . . does not include . . . an allegation that is directly related to the merits of a decision or procedural ruling. An allegation that calls into question the correctness of a judge's ruling, including a failure to recuse, without more, is merits-related.").

Because Petitioner raises no substantive objection to the Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety. Petitioner's § 2241 claims are hereby dismissed for lack of merit. His request for habeas corpus relief under § 2254 is hereby DENIED as second or successive until such time as Petitioner obtains permission from the United States Court of Appeals for the Tenth Circuit to file such.

IT IS SO ORDERED this 10th day of September, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] The process actually calls for a complaint against a Magistrate Judge to be filed in the appropriate court of appeals, here the Tenth Circuit. The Court notes that nothing filed in this case prior to the instant objection indicates any basis for disqualification of Judge Mitchell nor did Petitioner request such prior to this time. Regardless, based on the representations in the objection, any request would have been without merit.